UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**BUILDING TRADES UNITED PENSION TRUST FUND
and SCOTT J. REDMAN (in his capacity as Trustee),**

**WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS PENSION FUND,
WISCONSIN LABORERS APPRENTICESHIP
AND TRAINING FUND, BUILDING & PUBLIC
WORKS LABORERS VACATION FUND, and
JOHN J. SCHMITT (in his capacity as Trustee)**

**WISCONSIN LABORERS DISTRICT COUNCIL,**

**WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,**

                Plaintiffs,

    v.                                                                             Case No.  14-cv-24

**HEAVY AND HIGHWAY EXCAVATING, LLC,
AND DAVID MANN**

                Defendants.
_____

## COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Benjamin J. Roovers, and as and for a cause of action against the Defendants, allege and show to the Court the following:

### Jurisdiction and Venue

1.    Jurisdiction of this Court upon Defendants Heavy and Highway Excavating, LLC ("Heavy and Highway") and David Mann ("Mann") is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 (hereinafter

"ERISA") (29 U.S.C. § 1132), and Section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendants' violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendants' continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, Section 301 of the LMRA, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Defendants' principal place of business is located in Walworth County, Wisconsin.

## Parties

3. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of ERISA §§ 3(2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (3), and (37), 1132, and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said Plans. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff Scott J. Redman is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant within the meaning of ERISA (29 U.S.C. § 1002(7)) and as such has standing to be a plaintiff in this action and to seek the remedies prayed for. Mr. Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, Wisconsin 53224.

5. Plaintiffs Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, Building & Public Works Laborers Vacation Fund, and Wisconsin Laborers Apprenticeship & Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the Trustees, participants, and beneficiaries of said Plans. Said plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

6. Plaintiff John J. Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such has standing to be a Plaintiff in this action. Mr. Schmitt maintains an office at 4633 LIUNA Way, Suite 101, DeForest, WI 53532.

7. Plaintiff Wisconsin Laborers District Council is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

8. Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") is an employee benefit plan governed by a Board of Trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)), whose purpose is to address areas of common concern to labor and management in the construction industry. Said Plan maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

9. Heavy and Highway is a Wisconsin limited liability company, engaged in business, with principal offices located at 1950 N. Wisconsin Street, Elkhorn, Wisconsin 53121. Its owner is David Mann, W5244 County Road ES, Elkhorn, Wisconsin 53121.

10. Upon information and belief, David Mann is an adult resident of the State of Wisconsin, with a residence located at W5244 County Road ES, Elkhorn, Wisconsin 53121.

**Facts**

11. Heavy and Highway is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12), and (14) (29 U.S.C. §§ 1002(5), (11), (12), and (14)) and the LMRA (29 U.S.C. §151, et seq.).

12. For all times relevant, Heavy and Highway was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Union.

13. The Labor Agreements described herein contain provisions whereby Heavy and Highway agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

14. By execution of said Labor Agreements, Heavy and Highway adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

- 4 -

15. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Heavy and Highway has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b. to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Unions;

    c. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    d. to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiffs pursuant to the trust agreements;

    e. to adopt and abide by all of the actions of the trustees in administering the Plaintiffs in accordance with the trust agreements and the rules so adopted;

    f. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

    g. to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

16. Heavy and Highway has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

    a. failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of Heavy and Highway's covered employees; and

    b. failing to accurately report employee work status to the Plaintiffs.

17. ERISA § 502(g)(2), as amended by the MPPAA provides:

> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
>     (A) the unpaid contributions,
>
>     (B) interest on the unpaid contributions,
>
>     (C) an amount equal to the greater of --
>
>         (i) interest on the unpaid contributions, or
>
>         (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
>     (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and
>
>     (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

18. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

19. Despite demands that Heavy and Highway perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, and omitted to make those payments. Heavy and Highway is now indebted to the Plaintiffs as follows:

Audited Period April 1, 2012 through September 30, 2012:
| | |
|---|---:|
| Wisconsin Laborers Pension Fund | $13,602.91 |
| Wisconsin Laborers Health Fund | 41,178.48 |
| Building & Public Works Laborers Vacation Fund | 7,865.18 |
| Wisconsin Laborers LECET Fund | 479.72 |
| Wisconsin Laborers District Council (Dues) | 2,212.16 |
| Wisconsin Laborers Apprenticeship & Training Fund | 1,313.15 |

Audited Period January 1, 2012 through December 31, 2012:
| | |
|---|---:|
| Building Trades United Pension Trust Fund | $28,589.77 |

Audited Period October 1, 2012 through December 31, 2012:
| | |
|---|---:|
| Wisconsin Laborers Pension Fund | $1,699.32 |
| Wisconsin Laborers Health Fund | 6,877.26 |
| Building & Public Works Laborers Vacation Fund | 1,472.02 |
| Wisconsin Laborers LECET Fund | 75.73 |
| Wisconsin Laborers District Council (Dues) | 274.92 |
| Wisconsin Laborers Apprenticeship & Training Fund | 207.64 |

Unaudited Period January 1, 2013 to the Present:
| | |
|---|---:|
| Wisconsin Laborers Pension Fund | Unknown |
| Wisconsin Laborers Health Fund | Unknown |
| Building & Public Works Laborers Vacation Fund | Unknown |
| Wisconsin Laborers LECET Fund | Unknown |
| Wisconsin Laborers District Council (Dues) | Unknown |
| Wisconsin Laborers Apprenticeship & Training Fund | Unknown |
| Building Trades United Pension Trust Fund | Unknown |

20. Upon information and belief, David Mann is Heavy and Highway's president and/or one of the officers, shareholders, and/or directors.

21. Upon information and belief, David Mann is the only individual with authority to decide whether Heavy and Highway submits contributions to the Vacation Fund.

### Claim One Against Heavy and Highway, Inc.
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

22. As and for a first claim for relief against Heavy and Highway, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 21 above and incorporate the same as though fully set forth herein word for word.

23. For purposes of this claim (Claim One), the Building Trades United Pension Trust Fund, Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, Building & Public Works Laborers Vacation Fund, and Wisconsin Laborers Apprenticeship & Training Fund are hereinafter referred to as the "Funds."

24. Due demand has been made by the Funds upon Heavy and Highway for payment of all sums due and owing, but said Defendant has failed to pay them and amounts remain due and owing.

25. Because, as the Funds are informed and believe, Heavy and Highway has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

26. Because Heavy and Highway has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against Heavy and Highway:

   A. For $63,959.72, representing contributions, interest, and liquidated damages owed to the Funds for the audit period covering April 1, 2012 through September 30, 2012;

   B. For $28,589.77, representing contributions, interest, and liquidated damages owed to the Funds for the audit period covering January 1, 2012 through December 31, 2012;

   C. For $10,256.24, representing contributions, interest and liquidated damages owed to the Funds for the audit period covering October 1, 2012 through December 31, 2012;

   D. For unpaid contributions, interest, and liquidated damages owed to the Funds for the period January 1, 2013 through the date this action was commenced;

   E. For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    F. Actual attorney fees and the costs of this action.

  2. For such other, further, or different relief as the Court deems just and proper.

## Claim Two Against Defendant Heavy and Highway Excavation, LLC
## Violation of LMRA § 301 (29 U.S.C. § 185)

  27. As and for a second claim for relief against Heavy and Highway, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 above and incorporate the same as though fully set forth herein word for word.

  28. For purposes of this claim (Claim Two), the Wisconsin Laborers LECET Fund is hereinafter referred to as the "Fund" and the Wisconsin Laborers District Council is hereinafter referred to as the "Union."

  29. Due demand has been made upon Heavy and Highway for payment of all contributions, interest, and dues owed to the Fund and Union, but said Defendant has refused to pay them, and amounts remain due and owing.

  30. Because, as the Fund and Union are informed and believe, Heavy and Highway has not paid timely and prompt contributions on behalf of union members, the Fund's income is reduced and its beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

- 10 -

Case 2:14-cv-00024-NJ  Filed 01/10/14  Page 10 of 17  Document 1

Consequently, LMRA has been violated, and the Fund is entitled to all of the remedies provided by LMRA.

**WHEREFORE**, the Fund and Union demand the following relief:

1. Judgment on behalf of the Fund and Union and against Heavy and Highway as follows:

    A. For $2,691.88, representing unpaid contributions, interest, and dues owed to the Fund and Union for the audit period covering April 1, 2012 through September 30, 2012;

    B. For $350.65, representing unpaid contributions, interest, and dues owed to the Fund and Union for the audit period covering October 1, 2012 through December 31, 2012;

    C. For unpaid contributions, interest, and dues owed to the Fund and Union for the period January 1, 2013 through the date this action was commenced;

    D. For unpaid contributions, interest, and dues owed to the Fund and Union becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    E. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the court deems just and proper.

### Claim Three - Building & Public Works Laborers Vacation Fund
### Against David Mann, Personally
### Violation of ERISA § 409 (29 U.S.C. § 1109)

31. As and for a claim for relief against David Mann, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 30 above and incorporate the same as though fully set forth herein word for word.

32. For purposes of this claim (Claim Three), the Building & Public Works Laborers Vacation Fund is hereinafter referred to as the "Fund."

33. By his failure to submit fund assets to the Fund, Mann exercised "authority or control respecting management or disposition of [the Plan's] assets." ERISA § 3(21)(A)(i) (29 U.S.C. § 1002(21)(A)(i)).

34. By failing to submit Heavy and Highway's employees' contributions, which were deducted from employees' paychecks, to the Fund, Mann breached his fiduciary duties to the Vacation Fund and engaged in a prohibited transaction pursuant to ERISA §§ 414(a) and 406(b)(1).

35. As a result of his conduct, Mann is personally liable for all contributions owed to the Fund, as well as any income which would have been realized had said contributions been made timely. See ERISA § 409 (29 U.S.C. § 1109).

**WHEREFORE**, the Fund demands the following relief:

1. Judgment on behalf of the Fund and against Mann, jointly and severally:

   A. For $7,865.18, representing contributions and interest owed to the Fund for the audit period April 1, 2012 through September 30, 2012;

B. For $1,472.02, representing contributions and interest owed to the Fund for the audit period October 1, 2012 through December 31, 2012;

C. For unpaid contributions, interest, and liquidated damages owed to the Fund for the period January 1, 2013 through the date this action was commenced;

D. For unpaid contributions, interest, and liquidated damages owed to the Fund arising after the commencement of this lawsuit through the date of judgment; and

E. For the loss of any income which would have been realized had the contributions been made to the Fund on a timely basis.

2. For such other, further, or different relief as this Court deems just and proper.

### Claim Four – Wisconsin Laborers District Council
### Against William A. Mann, Personally
### Civil Theft, §§ 895.446 and 943.20, Wis. Stats.

36. As and for a fourth claim for relief against Mann, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 35 above and incorporate the same as though fully set forth herein word for word.

37. By his intentional conduct, by virtue of his position as one of Heavy and Highway's officers, shareholders, and/or directors, Mann has retained possession of working dues without the Union's consent.

38. Mann has intentionally retained working dues with the intent to convert said monies for his own use or for the use of Heavy and Highway.

- 13 -

Case 2:14-cv-00024-NJ   Filed 01/10/14   Page 13 of 17   Document 1

39. By virtue of his conduct, Mann has violated Wis. Stats. §§ 895.446 and 943.20.

40. By virtue of Mann's intentional conduct, the Union is entitled to its costs of litigation and investigation as well as treble damages pursuant to Wis. Stats. § 895.446(3)(b), (c).

**WHEREFORE**, the Union demands the following relief:

1. Judgment on behalf of the Union and against Mann, jointly and severally, as follows:

    A. For $2,212.16, representing the amounts deducted from Heavy and Highway's employees' paychecks, which should have been paid to the Union as working dues for the audit period April 1, 2012 through September 30, 2012;

    B. For $274.92, representing the amounts deducted from Heavy and Highway's employees' paychecks, which should have been paid to the Union as working dues for the audit period October 1, 2012 through December 31, 2012;

    C. Treble (exemplary) damages of not more than $7,461.24;

    D. For any amounts deducted from Heavy and Highway's employees' paychecks that have not been paid to the Union as working dues for the period January 1, 2013 to the commencement of this action;

E. Treble (exemplary) damages of not more than three times the amount deducted from Heavy and Highway's employees' paychecks that have not been paid to the Union as working dues for the period January 1, 2013 to the commencement of this action;

F. For any amounts deducted from Heavy and Highway's employees' paychecks that are not paid to the Union as working dues arising after the commencement of this lawsuit through the date of judgment;

G. Treble (exemplary) damages of not more than three times the amount deducted from Heavy and Highway's employees' paychecks that are not paid to the Union as working dues arising after the commencement of this lawsuit through the date of judgment; and

H. Actual costs of any investigation and litigation related to this action.

2. For such other, further, or different relief as this Court deems just and proper.

**Claim Five – Wisconsin Laborers District Council
Against Defendant William A. Mann, Personally
Common Law Conversion**

41. As an alternative to Claim Four, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 40 above and incorporate the same as though fully set forth herein word for word.

42. Mann did not have authority, legal or otherwise, from the Union to deduct monies from Heavy and Highway's employees' paychecks without turning said monies

over to the Plaintiffs or to use said monies for any purpose other than to pay Heavy and Highway's employees' working dues.

43. By virtue of Mann's intentional conduct, the Union has not received working dues for its members and participants, even though said monies have been deducted from the members' and participants' paychecks.

44. Through his intentional conduct of deducting working dues from Heavy and Highway's employees' paychecks and failing to forward those dues to the Union, Mann took property belonging to the Union and has interfered with said Plaintiff's lawful rights to possess the contributions and working dues.

**WHEREFORE**, the Union demands the following relief:

1. Judgment on behalf of the Union and against Mann, jointly and severally, as follows:

   A. For $2,212.16, representing the amounts deducted from Heavy and Highway's employees' paychecks, which should have been paid to the Union as working dues for the audit period April 1, 2012 through September 30, 2012;

   B. For $274.92, representing the amounts deducted from Heavy and Highway's employees' paychecks, which should have been paid to the Union as working dues for the audit period October 1, 2012 through December 31, 2012;

C. For any amounts deducted from Heavy and Highway's employees' paychecks that have not been paid to the Union as working dues for the period January 1, 2013 to the commencement of this action; and

D. For any amounts deducted from Heavy and Highway's employees' paychecks that are not paid to the Union as working dues arising after the commencement of this lawsuit through the date of judgment; and

E. Actual costs of this action.

2. For such other, further, or different relief as this Court deems just and proper.

Dated this 9th day of January, 2014.

s/Benjamin J. Roovers
Benjamin J. Roovers (SBN: 1092395)
The Previant Law Firm, S.C.
1555 North RiverCenter Drive, Suite 202
P. O. Box 12993
Milwaukee, WI 53212
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: bjr@previant.com

Attorneys for the Plaintiffs
